NOBLETT v. PRATT.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

ATTACHMENT (§ 113*)—NONRESIDENCE—AFFIDAVITS.

An attachment on the ground of defendant's nonresidence is not warranted by affidavits indicating, at most, that he had declared his intention to cease his residence in the state; he at the time of the issuance of the attachment having been actually domiciled in the state, had desk room in an office, maintained a bank account, and rented a safe deposit vault, all in the state, and, so far as he transacted any business, done so in the state.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311; Dec. Dig. § 113.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Edward A. Noblett against Albert L. Pratt. From an order denying a motion to vacate an order of attachment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Henry G. Gray, for appellant
William A. Sweetser, for respondent.

PER CURIAM. This is an appeal from an order denying a motion to vacate an attachment issued upon the ground of defendant's alleged nonresidence. In our opinion the affidavits do not establish his nonresidence. At most they indicate that he has declared his intention to cease his residence here. The defendant, when the attachment was issued, was actually domiciled in this state, had desk room in an office here, and maintained a bank account and rented a safe deposit vault in this city, and, in so far as he transacted any business, did so here.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.